# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER SIMMLER,<br><br>Plaintiff,<br><br>v.<br><br>HARRIS H. SIMMONS, et al.,<br><br>Defendants. | **ORDER DENYING MOTION TO APPOINT COUNSEL AND MOTION TO COMPEL RESPONSE**<br><br>Case No. 2:18-cv-00981-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Dale Kimball referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636 (b)(1)(B).[1] Before the court is Plaintiff Christopher Simmler's ("Plaintiff") motion to appoint counsel[2] and motion to compel response to the motion to appoint counsel.[3] The court will address Plaintiff's motions in reverse order.

First, the motion to compel a response to the motion to compel asks that this court rule on Plaintiff's motion to appoint counsel. It is therefore essentially a request to submit for decision, not a motion to compel. Nevertheless, because this court rules on the motion to appoint counsel in this order, the motion to compel a response to the motion to appoint counsel is hereby **GRANTED**.

---

[1] *See* docket no. 4.

[2] *See* docket no. 8.

[3] *See* docket no. 12.

The court next addresses the motion to appoint counsel. "The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, the court must consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

The court turns to considering those factors in this case. First, at this early stage in the case the merits of Plaintiff's case are unclear. Because the court denied Plaintiff's motion to proceed *in forma pauperis*, the court has had no occasion to evaluate the complaint on its merits. Moreover, no defendants have yet been served with the complaint, entered an appearance, or filed an answer or otherwise responded to the complaint. Second, concerning Plaintiff's abilities, there is no indication that Plaintiff is incapacitated or unable to pursue this case adequately. To the contrary, Plaintiff has demonstrated his ability to pursue this case by filing several motions in this case, all of which the court has found to be intelligible. Indeed, the motion to appoint counsel does not argue that Plaintiff needs appointed counsel because he is unable to pursue his claims, but rather because he has experienced "[a] pattern of unsuccessful attorney retention."[4] Difficulty retaining counsel in a civil case does not weigh in favor of this court appointing

---

[4] Docket no. 8 at 2.

counsel. Finally, with respect to the complexity of this case, the court has determined that the factual and legal issues raised by Plaintiff's complaint do not appear to be complicated or difficult to explain, and Plaintiff has so far had no difficulty describing the facts surrounding his alleged injuries in numerous filings. Accordingly, Plaintiff's motion to appoint counsel[5] is hereby **DENIED**.

In summary, for the foregoing reasons, Plaintiff's motion to compel a response to the motion to appoint counsel[6] is hereby **GRANTED**, and Plaintiff's motion to appoint counsel is hereby **DENIED.**

IT IS SO ORDERED.

DATED this 18th day of June, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[5] *See* docket no. 8.

[6] *See* docket no. 12.