# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **CHRISTOPHER SIMMLER,** <br><br> Plaintiff, <br><br> v. <br><br> **HARRIS H. SIMMONS, et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:18-cv-00981-DAK-PMW** <br><br> **District Judge Dale A. Kimball** <br><br> **Chief Magistrate Judge Paul M. Warner** |

Before the court are Plaintiff Christopher Simmler's ("Plaintiff") (1) two motions for leave to proceed in forma pauperis and motion to reconsider the previous denial of his application to proceed in forma pauperis, (2) motion for service of process, and (3) motion for injunctive relief and motion to compel a court ruling on his motion for injunctive relief.

**I.  In Forma Pauperis**

Plaintiff previously filed three motions to proceed in forma pauperis.[1] In two separate orders, the court denied those motions.[2] As the court noted in both of those orders, Plaintiff has already paid his filling fee.[3] For that reason, the court denied the motions. Plaintiff has now

---

[1] *See* docket nos. 7, 17, 21.

[2] *See* docket nos. 13, 29.

[3] *See* docket no. 1.

filed two additional motions to proceed in forma pauperis. For the same reason set forth in the two above-referenced orders, Plaintiff's two new motions to proceed in forma pauperis are denied.

The court next considers Plaintiff's motion for the court to reconsider its denial of his first three motions to proceed in forma pauperis. "A motion for reconsideration is not specifically provided for in the rules of civil procedure." *Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008). However, it is within the court's discretion to reconsider a previous order. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Tenth Circuit has indicated that a motion to reconsider is an

> inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed.

*Id*. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. "A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court." *SCO Grp., Inc. v. Novell, Inc.*, No.

2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007); *see also Lacefield*, 2008 WL 2661127, at *1 ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (quotations and citations omitted)).

Plaintiff's motion for reconsideration provides no basis for the court to reconsider its prior orders. Plaintiff's arguments demonstrate nothing more than his disagreement with the court's prior rulings. Furthermore, Plaintiff has not pointed to any intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. For those reasons, Plaintiff's motion to reconsider is denied.

## II.     Service of Process

Plaintiff moves the court to serve process on the named Defendants. The basis for Plaintiff's motion is 28 U.S.C. § 1915, which governs proceedings in forma pauperis. When a case is proceeding under 28 U.S.C. § 1915, the officers of the court are required to issue and serve all process and perform all duties related to service of process. *See* 28 U.S.C. § 1915(d). However, as noted above, Plaintiff has not been permitted to proceed in forma pauperis in this case. Accordingly, Plaintiff's reliance upon 28 U.S.C. § 1915 is misplaced, and his motion for service of process is denied.

## III.    Injunctive Relief

Plaintiff moves the court for ex parte injunctive relief, which the court construes as a motion for an ex parte temporary restraining order. Generally, an ex parte temporary restraining

order is sought in circumstances where the applicant would face immediate and irreparable harm if the court waited for a preliminary injunction proceeding. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). Rule 65(b)(1) of the Federal Rules of Civil Procedure authorizes a court to grant an ex parte temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

As stated by the United States Supreme Court "[t]he stringent restrictions imposed by . . . Rule 65 . . . reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc.*, 415 U.S. at 438-39. Plaintiff has not provided the court with any record of his efforts to give notice, nor has he adequately demonstrated why notice should not be required. Accordingly, Plaintiff's motion for injunctive relief is denied.

Plaintiff also filed a motion to compel a court ruling on his motion for injunctive relief. Given that the court has now ruled on Plaintiff's motion for injunctive relief, his motion to compel a court ruling is moot.

In summary, IT IS HEREBY ORDERED:

1. Plaintiff's two motions for leave to proceed in forma pauperis[4] and motion to reconsider the previous denial of his motions to proceed in forma pauperis[5] are DENIED.

2. Plaintiff's motion for service of process[6] is DENIED.

3. Plaintiff's motion for injunctive relief[7] is DENIED, and his motion to compel a court ruling on his motion for injunctive relief[8] is MOOT.

IT IS SO ORDERED.

DATED this 17th day of January, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[4] *See* docket nos. 33, 36.

[5] *See* docket no. 30.

[6] *See* docket no. 35.

[7] *See* docket no. 14.

[8] *See* docket no. 31.