## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **CHRISTOPHER SIMMLER,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:18-cv-00981-DAK-JCB** |
| **HARRIS H. SIMMONS, et al.,** | |
| **Defendants.** | **District Judge Dale A. Kimball**<br>**Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Plaintiff Christopher Simmler ("Mr. Simmler") brings this action against various public and private entities, social service agencies, and associated individuals. Mr. Simmler asserts claims under various federal and state laws against the below-named Defendants—either individually or in some combination—for alleged substandard conditions, negligent treatment, and corruption at a homeless shelter and supportive housing facility. Mr. Simmler seeks relief in the form of compensatory and punitive damages.

Before the court are multiple motions to dismiss[3] filed by the following Defendants: Salt Lake County; Valerie Wilde; The Road Home ("Road Home"); Shelter the Homeless ("STH");

---

[1] ECF No. 4.
[2] ECF No. 111.
[3] ECF Nos. 63, 64, 66, 75, 77.

Shelter the Homeless II; Harris H. Simmons; STH Management; Matthew Minkevitch; Palmer Court Apartments ("Palmer Court"); Karen Grenko; Nathan Stapley; Salt Lake City Corporation; Salt Lake City Police Department ("SLCPD"); Uppsen Downes; Zions Bancorporation; Zions First National Bank; Gary R. Herbert; and the State of Utah. Defendants move to dismiss this action for failure to state claims upon which relief can be granted.[4] Based upon the analysis below, the court recommends Defendants' motions to dismiss be granted and the case be dismissed in its entirety.

At the outset, the court recognizes that Mr. Simmler is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

The following facts are taken from Mr. Simmler's amended complaint.[5] Mr. Simmler lived intermittently in the Road Home homeless shelter from 2012 to 2016. Mr. Simmler now lives in a supportive housing development operated by the Road Home called Palmer Court. This facility is devoted to serving individuals who are chronically homeless and have a disabling condition. Mr. Simmler has been a resident at Palmer Court since June 2016.

---

[4] These Defendants have arranged themselves into five different groups, filing five different motions to dismiss. Each of these motions makes its own arguments, often differing slightly from the arguments made by other Defendants, and at times incorporating the arguments made by other Defendants. The court will address the relevant positions raised in all of the filed motions, but for the sake of convenience will address each argument as if made by all Defendants and will refer to Defendants collectively as "Defendants," unless specifically indicated otherwise.

[5] Because the court only addresses Mr. Simmler's federal claims, the factual background contains only those facts relevant to the federal claims.

Although the Road Home operates the homeless shelter and Palmer Court, these facilities are owned by STH, a separate nonprofit organization. This organization works with a broad coalition of stakeholders to end homelessness by, *inter alia*, coordinating and distributing resources throughout Salt Lake County. Defendants are all connected to STH in some fashion, and all claims alleged are connected in some way to the Road Home, Palmer Court, or STH.

The Road Home and Palmer Court receive federal funding from the U.S. Department of Housing and Urban Development ("HUD") and must comply with HUD regulations to receive this funding. Mr. Simmler alleges that the poor living conditions at the Road Home and Palmer Court violate HUD regulations. Specifically, he contends that Defendants violated 24 C.F.R. § 576.403 by failing to provide a safe and secure environment for program participants.

Next, Mr. Simmler alleges Defendants violated his right to privacy under the Health Insurance Portability and Accountability Act ("HIPAA") by disclosing his confidential health information to a police officer. Specifically, Plaintiff claims the notes in the January 27, 2017 police report describing him as a "mentally ill offender" and "disabled by alcohol/drug addiction" violated his right to privacy under HIPAA because the notes "identified him by diagnoses only known through access to protective medical records."[6]

Finally, Mr. Simmler alleges Defendants "commence[d]" the program "advertised as 'Housing the Homeless Initiative'"[7] as a means to advance their "latent agenda" and "capitaliz[e]

---

[6] ECF No. 32 at 16.

[7] *Id.* at 1.

on people's vulnerabilities."[8] He further alleges that the Road Home coordinated with police to falsify police reports and maintains that the "SLCPD routinely acts under color of law, with favorable bias toward and prejudice against certain individuals and entities."[9] In doing so, Mr. Simmler claims Defendants conspired to deprive him of his constitutional rights in violation of 28 U.S.C. § 1985.[10]

## LEGAL STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted). In

---

[8] *Id.*

[9] *Id.* at 21.

[10] Mr. Simmler does not specify the subsection of § 1985 upon which he bases his claims, but based on a liberal reading of the amended complaint, it would appear Mr. Simmler seeks to invoke § 1985(3) which is the only § 1985 that could arguably apply in the instant case.

evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also documents attached thereto, and any external documents that are referenced in the amended complaint the authenticity of which is not in dispute. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis. *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (citations omitted) (alteration in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him. *Twombly*, 550 U.S. at 555. The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

As mentioned above, the court recognizes that Mr. Simmler is proceeding pro se. Therefore, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). That said, Mr. Simmler's pro se status does not discharge him from

complying with the court's rules and procedures, and the court will not assume an advocacy role on Mr. Simmler's behalf. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

## ANALYSIS

Mr. Simmler's amended complaint asserts the following causes of action against various Defendants: (I) violation of HUD regulations under 24 C.F.R. § 576.403; (II) violation of HIPAA under 42 U.S.C. § 1320d; (III) conspiracy to deprive constitutional rights in violation of 42 U.S.C. § 1985; and (IV) state-law claims for breach of contract, negligence, harassment, stalking, trespass, and falsification of public records. The court will address Mr. Simmler's claims in that order. Based upon the following analysis, the court concludes that all of Mr. Simmler's federal claims fail and, therefore, the court should decline to exercise supplemental jurisdiction over his state-law claims. Accordingly, the court recommends Mr. Simmler's federal claims be dismissed with prejudice and his state-law claims be dismissed without prejudice.

### I.      No private right of action under 24 C.F.R. § 576.403

Defendants argue Mr. Simmler's claim under 24 C.F.R § 576.403 should be dismissed because there is no private right of action to enforce HUD regulations. The court agrees. Title 24 of the Code of Federal Regulations is a collection of regulations established by HUD to effectuate the Civil Rights Act of 1964. *See* 24 C.F.R. § 1.1. The Tenth Circuit has not specifically addressed whether there is private right of action to enforce HUD regulations; however, the several circuit courts that have addressed the issue have unequivocally determined that there is not. *Taylor v. Hous. Auth. New Haven,* 645 F.3d 152, 153 (2d Cir. 2011) (holding

that there is no private enforceability of HUD regulations); *Three Rivers Ctr. for Indep. Living v. Hous. Auth. of Pittsburgh,* 382 F.3d 412, 425 (3d Cir. 2004) (holding that Section 504 of the Rehabilitation Act did not provide a private right of action to enforce those HUD regulations); *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989) (stating there is no "express or implied right of action" exists for violations of HUD regulations); *Hill v. Group Three Hous. Dev.,* 799 F.2d 385, 394 (8th Cir. 1986) (after reviewing the HUD statutes, regulations, and handbook guidelines, the court held that plaintiffs had no implied private right of action under the Section 8 program); *Guesnon v. McHenry*, 539 F.2d 1075, 1077 (5th Cir. 1976) (there is no "precedent for the proposition that a private cause of action exists to remedy a violation of [a] HUD regulation."); *see also Stroud v. Farr Rentals, LLC*, No. 2:19-CV-95-CDP, 2020 WL 1433644, at *4 (E.D. Mo. Mar. 24, 2020) ("Plaintiff therefore has not private right of action pursuant to the HUD regulations in Title 24."); *McDonald v. Green Tree Servicing, LLC*, No. 13-12993, 2014 WL 1260708, at *5 (E.D. Mich. Mar. 27, 2014) (stating "there is no private cause of action to enforce HUD regulations, specifically HUD mortgage servicing policies"); *Weatherford v. Nev. Rural Hous. Auth.*, 946 F. Supp. 2d 1101, 1111 (D. Nev. 2013) (granting summary judgment in favor of defendant because plaintiff does not have a private right of action to enforce HUD regulations). The court finds the foregoing cases persuasive and concludes there is no private cause of action to enforce HUD regulations. As such, the court finds Mr. Simmler's claim under 24 C.F.R § 576.403 fails to state a claim upon which relief can be granted and should therefore be dismissed.

## II.      No private right of action under 42 U.S.C. § 1320d

Defendants likewise argue that Mr. Simmler's claim under 42 U.S.C. § 1320d should be dismissed because no private right of action exists under HIPAA. Again, the court agrees. HIPAA does not create a private right of action. *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019) (citation omitted); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."); *see also Webb v. Smart Document Solutions, LLC,* 499 F.3d 1078, 1080 (9th Cir. 2007) (stating that HIPAA provides for no private right of action); *Werdehausen v. Benicorp Ins. Co.*, 487 F.3d 660, 668 (8th Cir. 2007) (holding there is no private right of action under HIPAA); *Acara v. Banks,* 470 F.3d 569, 571 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA."); *Agee v. United States*, 72 Fed. Cl. 284 (Fed. Ct. Claims. 2006) (holding that HIPAA does not provide for a private cause of action and citing cases). Because HIPAA provides no private right of action, Mr. Simmler's claim under 42 U.S.C. § 1320d should be dismissed.

## III.     Conspiracy to Deprive Constitutional Rights under 42 U.S.C. § 1985

Defendants argue Mr. Simmler's conspiracy claims fail because Mr. Simmler's conclusory statements are insufficient to state a claim upon which relief can be granted. Section 1985(3) of the Civil Rights Act of 1964 provides a civil remedy for conspiracies to interfere with constitutionally or federally protected rights when motivated by invidiously discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971). In order to state a claim under § 1985(3), a plaintiff must show: (1) a conspiracy; (2) an act in furtherance of the conspiracy; (3) an intent to deprive any person of equal protection or equal privileges and immunities; and (4) a

8

resulting injury to a legal right or privilege. *Id*. The complaint "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord,* 340 F.3d 105, 110-11 (2d Cir. 2003); *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1126 (10th Cir. 1994) (stating the complaint must at least create the inference of a "meeting of the minds"); *Langley v. Adams County*, 987 F.2d 1473, 1481 (10th Cir. 1993) ("Section 1985 conspiracy claims must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action."). Additionally, the complaint must also include allegations that the conspiracy was motivated by some racial or class-based discriminatory animus. *Campbell v. Amax Coal Co.,* 610 F.2d 701, 702 (10th Cir. 1979). A complaint containing "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights" must be dismissed. *Gyadu v. Hartford Ins. Co.,* 197 F.3d 590, 591 (2d Cir. 1999) (quotations and citation omitted); *see also Brever*, 40 F.3d at 1126 (stating a plaintiff must do more than merely allege the existence of a conspiracy in conclusory fashion); *Ceballos v. Family & Children's Servs.*, No. 10-CV-659-GKF-PJC, 2010 WL 4852483, at *1 (N.D. Okla. Nov. 23, 2010) ("Complaints containing only conclusory, vague, or general allegations that defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed.").

The amended complaint fails to state a claim for a § 1985 conspiracy. Mr. Simmler's conspiracy allegations are entirely conclusory. The amended complaint lacks any facts to plausibly infer that Defendants had a "meeting of the minds" to violate Mr. Simmler's constitutional rights or took overt acts in furtherance of the alleged conspiracy. The court also finds the amended complaint lacks not only allegations of class-based or racial discrimination

but does not even impart which constitutional rights Defendants conspired to deprive. For these reasons, the court concludes that Mr. Simmler's § 1985 conspiracy claims fail as a matter of law and, therefore, should be dismissed with prejudice.

## IV.    State-Law Claims

"Pursuant to 28 U.S.C. § 1367(a), federal courts may exercise supplemental jurisdiction over claims outside their original jurisdiction if those claims are part of the same Article III case or controversy as claims over which the court has original jurisdiction." *Brock v. Herbert*, No. 2:09-CV-1118, 2012 WL 1029355, at *2 (D. Utah Mar. 26, 2012). However, "[u]nder 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotations and citations omitted).

The court has concluded that all of Mr. Simmler's federal claims should be dismissed. Because Mr. Simmler's claims for breach of contract, negligence, harassment, stalking, trespass, and falsification of public records are all based upon state law, the court should decline to exercise supplemental jurisdiction over those claims. Accordingly, they should be dismissed without prejudice. *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))).

10

## CONCLUSION AND RECOMMENDATION

Based on the foregoing analysis, IT IS HEREBY RECOMMENDED that:

1.      Defendants' Motions to Dismiss[11] be GRANTED.

2.      Mr. Simmler's federal claims in this action be DISMISSED WITH PREJUDICE.

3.      Mr. Simmler's state-law claims in this action be DISMISSED WITHOUT

PREJUDICE.

Copies of this Report and Recommendation are being sent to all parties, who are hereby

notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties must

file any objection to this Report and Recommendation within fourteen (14) days after being

served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object may

constitute waiver of objections upon subsequent review.

DATED this 4th day of September 2020.

BY THE COURT:

_____

JARED C. BENNETT
United States Magistrate Judge

---

[11] ECF Nos. 63, 64, 66, 75, 77.

11