IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER SIMMLER,<br><br>Plaintiff,<br><br>v.<br><br>HARRIS H. SIMMONS, et al.,<br><br>Defendants. | ORDER<br><br>Case No. 2:18-cv-00981-DAK-JCB<br><br>District Judge Dale A. Kimball<br>Magistrate Judge Jared C. Bennett |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Plaintiff Christopher Simmler's ("Mr. Simmler") Motion to Disqualify Assistant Utah Attorney General as Defense Counsel ("Motion to Disqualify").[3] At the outset, the court recognizes that Mr. Simmler is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Having reviewed the motion, parties' briefs, and relevant law, the court denies the motion for the reasons set forth below.

---

[1] ECF No. 4.

[2] ECF No. 111.

[3] ECF No. 76.

## BACKGROUND

Mr. Simmler moves to disqualify Assistant Utah Attorney General, Heather J. Chesnut ("Ms. Chesnut"), as defense counsel for the State of Utah and Governor Gary Herbert (together, "Defendants") based on two alleged conflicts of interest. First, Mr. Simmler alleges Ms. Chesnut is a "person of interest in [the] claim of Conspiracy to Deprive Constitutional Rights" whose testimony may be necessary.[4] The second conflict of interest argument is vague and relatively incoherent. However, liberally construed, Mr. Simmler seems to argue Ms. Chesnut's prior representation of Patrick Harmon ("Mr. Harmon") in a criminal case[5] creates a conflict of interest in this case because they share the same "labels."[6] Based on these alleged conflicts, Mr. Simmler moves to disqualify Ms. Chesnut as counsel for Defendants. Defendants oppose the motion.

## LEGAL STANDARDS

The determination about whether disqualification is an appropriate remedy is "left to the discretion of the trial court." *Flying J Inc. v. TA Operating Corp.*, No. 1:06-CV-30TC, 2008 WL 648545, at *6 (D. Utah Mar. 10, 2008). "[D]isqualification of counsel is a drastic measure and a court should hesitate to impose it except when necessary." *Procter & Gamble Co. v. Haugen*, 183 F.R.D. 571, 574 (D. Utah 1998) (quotations and citation omitted). "[F]ederal courts have treated a motion for disqualification as one that should only rarely be granted." *Parkinson v. Phonex*

---

[4] ECF No. 76 at 1, 5.

[5] *Utah v. Harmon*, case no. 161401550 (3rd Dist. Utah).

[6] ECF No. 76 at 4.

*Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994). "[A] motion to disqualify is to be viewed with extreme caution, . . . recognizing the possible unfair advantage that may result depending on the circumstances." *Id.*

The moving party bears the burden of establishing that disqualification is necessary. *Id.* To satisfy that burden, the moving party cannot rely upon conclusory allegations or speculative conflicts. *Haugen*, 183 F.R.D. at 574 ("[A] speculative conflict is insufficient for disqualification."). "The essential issue to be determined in the context of litigation is whether the alleged misconduct taints the lawsuit." *Parkinson*, 857 F. Supp. at 1476.

## ANALYSIS

With those principles in mind, the court concludes Mr. Simmler has failed to meet his burden of demonstrating that disqualification is necessary. The six-page motion is solely comprised of incoherent and unsupported allegations that Ms. Chesnut's previous work as a public defender and representation of Mr. Harmon create conflicts of interest. From this, the court interprets the motion to claim a violation of Utah Rule of Professional Conduct ("URPC") 1.9 or 3.7.[7]

---

[7] Rule 1.9 sets forth duties owed to a former client. These include: not representing another person in the same or a substantially related matter where that person's interests are materially adverse to those of a former client; not using information relating to the representation to the disadvantage of a former client; and revealing information relating to the representation. UT R RPC Rule 1.9.

Rule 3.7 generally prohibits attorneys from maintaining the dual role of advocate and witness in the same matter to protect against jury confusion and diminishment in the attorney's effectiveness. UT R RPC Rule 3.7.

3

With respect to Rule 1.9, Mr. Simmler fails to provide any facts or discussion as to how Mr. Harmon, his case, or Ms. Chesnut's prior defense of him is related or connected to this case in any way. Conversely, Ms. Chesnut presents competent, uncontested evidence that Mr. Harmon's criminal case is both factually and legally unrelated to the civil conspiracy allegations asserted here.

As to Rule 3.7, which precludes an attorney from serving as both counsel and as a necessary witness at trial, Mr. Simmler neither identifies the information Ms. Chesnut possesses that would necessitate her serving as a witness nor that she is the only source of that information.[8] In sum, the motion fails to set forth any factual basis for which the court could find a conflict under Rule 3.7.

For those reasons, Mr. Simmler has failed to persuade the court that Ms. Chesnut committed any violations of the URPC. In the absence of any violations or misconduct, the court is left to conclude that Ms. Chesnut's representation of Defendants does not taint this litigation in any way. Therefore, the court concludes that Mr. Simmler has failed to carry his burden of demonstrating that disqualification is necessary. Accordingly, the court determines that Ms. Chesnut's representation of Defendants will not taint the lawsuit and does not necessitate disqualification.

---

[8] *State v. Melancon*, 2014 UT App 260, *¶15, 339 P.3d 151, 155 (stating that "a party seeking to disqualify an opposing attorney because the party wishes to call the attorney as a witness must persuade the court that the testimony sought from the attorney is unobtainable from other sources").

## ORDER

For the foregoing reasons, Mr. Simmler's Motion to Disqualify[9] is DENIED.

IT IS SO ORDERED.

DATED this 18th day of September 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[9] *Id.*