IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CHRISTOPHER SIMMLER,**<br><br>                **Plaintiff,**<br><br>v.<br><br>**HARRIS H. SIMMONS, et al.,**<br><br>                **Defendants.** | **MEMORANDUM DECISION AND ORDER ADOPTING & AFFIRMING REPORT & RECOMMENDATION**<br><br>**Case No. 2:18-CV-981-DAK-JCB**<br><br>**Judge Dale A. Kimball**<br><br>**Magistrate Judge Jared C. Bennett** |

      This case was assigned to United States District Court Judge Dale A. Kimball, who then referred it to United States Magistrate Judge Paul Warner under 28 U.S.C. § 636(b)(1)(B). The case was subsequently reassigned to Magistrate Judge Jared C. Bennett. On September 4, 2020, Magistrate Judge Bennett issued a Report and Recommendation, recommending that the court grant Defendants' motions to dismiss [ECF Nos. 63, 64, 66, 75, 77] and: (1) dismiss Plaintiff's federal claims with prejudice for failure to state a claim and (2) not exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those claims without prejudice.

      The Report and Recommendation notified Plaintiff that any objection to the Report and Recommendation was required to be filed within fourteen days of receiving it. The court granted Plaintiff an extension of time to file objections until September 29, 2020, and Plaintiff filed his objections on that date.

      A Magistrate Judge's Report and Recommendation is subject to *de novo* review by this

court.  *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b).  The court has reviewed the case *de novo*, including the briefing on the motions to dismiss, the Magistrate's Report & Recommendation, and Plaintiff's objections to the Report & Recommendation.

Plaintiff objects to the magistrate judge's characterization of the facts in relation to his § 1985 conspiracy claim.  These facts however, do not demonstrate a meeting of the minds between the alleged participants of the conspiracy.  Plaintiff identifies several different instances in which he came in contact with the different Defendants but he does not allege a plausible connection between the Defendants.  Several of the facts that Plaintiff refers the court to in support of his § 1985 claim may support state law causes of action, such as trespass, but they do not allege a conspiracy.

In addition, Plaintiff incorrectly argues that a § 1985 does not require a person from a protected class and animus..  Plaintiff alleges that the statute refers to "any person," but courts are unanimous in concluding that a complaint must allege that the conspiracy was motivated by some class-based discriminatory animus.  *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979).  This court is bound to follow Tenth Circuit law.  Therefore, the court agrees with Magistrate Judge Bennett's analysis of Plaintiff's § 1985 claim.

With respect to Plaintiff's claim regarding HUD regulations under 24 C.F.R. § 576.403, the Magistrate Judge found that there was no private right of action.  Plaintiff objects to that ruling, claiming that there is a difference between asking the court to enforce HUD regulations and asking the court to find a party in breach of the regulations because the party knew it was in violation of the regulations.  But Plaintiff's factual distinction does not create a private right of action under the HUD regulations.  There is no personal remedy provided in the HUD regulations and the regulations cannot form the basis for a cause of action.  Therefore, the court agrees with

Magistrate Judge Bennett that Plaintiff's cause of action based on the HUD regulations must be dismissed as a matter of law.

Similarly, as to Plaintiff's HIPAA claim under 42 U.S.C. § 1320d, the court found no private right of action exists. Plaintiff argues that the court colored the facts, but the facts regarding the disclosure of Plaintiff's health issues cannot overcome the fact that there is no private right of action as a matter of law. Plaintiff claims that the court is bound to consider whether or not the violation is criminal. However, HIPAA provides a regulatory framework to ensure compliance, it does not provide a private right of action or provide for an individual to being criminal charges against another party. If Defendants' actions amount to an impermissible local practice as Plaintiff states, that practice is subject to regulatory enforcement, not a private cause of action. The court, therefore, agrees with Magistrate Judge Bennett's analysis of Plaintiff's HIPAA cause of action.

Finally, after concluding that Plaintiff's federal claims failed as a matter of law, Magistrate Judge Bennett correctly recommended that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. When federal claims are dismissed before trial, the district court should usually decline to exercise supplemental jurisdiction over state law claims and dismiss those claims without prejudice to being brought in state court. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997).

The court fully agrees with the analysis in Magistrate Judge Bennett's Report and Recommendation. The court, therefore, adopts the Report and Recommendation as the Order of the court and grants Defendants' motions to dismiss [ECF Nos. 63, 64, 66, 75, 77]. Accordingly, Plaintiff's federal claims under 42 U.S.C. § 1985, 42 U.S.C. § 1320d, and 24 C.F.R. § 576.403

are dismissed with prejudice and his state law claims for breach of contract, negligence, harassment, stalking, trespass, and falsification of public records are dismissed without prejudice.

The court also denies Plaintiff's Motion for Judgment [ECF No. 114] seeking default judgment against S. Robert Bradley. Plaintiff did not properly serve Bradley. And, even if service was proper, the above analysis would apply equally to a dismissal of the claims against Bradley.

DATED this 30th day of September, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge